IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ERIC SCALLA, | |
|---|---|
| Plaintiff, | |
| v. | CIVIL ACTION NO. 18-1333 |
| KWS, INC., A MEMBER OF THE THIELE GROUP, | |
| Defendant. | |

**OPINION**

**Slomsky, J.**                                                                                                                            **November 30, 2018**

## I. INTRODUCTION

On December 19, 2017, Plaintiff Eric Scalla ("Plaintiff") filed a Complaint against Defendant KWS, Inc. ("Defendant" or "KWS") in the Court of Common Pleas of Philadelphia County (Doc. No. 1 at 5) seeking to recover damages for personal injuries sustained while Plaintiff was assisting in the use of an overhead crane to move excavation equipment. (Id. at 6.) Plaintiff claims that the equipment unexpectedly unhooked from the chain hook on the crane, causing the equipment to fall on him, and that the defective crane was manufactured and sold by Defendant. (Id.)

Defendant removed the action to this Court based on diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a).[1] Defendant asserts that this action was properly removed because

---

[1] 28 U.S.C. § 1332(a) provides in relevant part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."

There is no dispute here that the parties are citizens of different states.

the Notice of Removal was filed within thirty days of receipt of Plaintiff's Complaint by KWS, in accordance with the requirements of 28 U.S.C. §§ 1441(a)[2] and 1446(b).[3] (Doc. No 1-1 at 2.)

As noted, the Complaint was filed in state court on December 19, 2017. On March 26, 2018, while this case was still pending there, Plaintiff filed a Praecipe to Enter Default Judgment. Defendant claims that on March 27, 2018, it received notice of this lawsuit for the first time in an email sent by Plaintiff's counsel to Defendant, to which the Praecipe to Enter Default Judgment was attached. Two days later, Defendant removed the action to this Court believing that the removal was timely under 28 U.S.C. § 1446(b), and on April 5, 2018, Defendant filed an Answer to the Complaint in this Court. (Doc. No. 3.)

Before the Court is Plaintiff's Motion to Remand the case back to the Court of Common Pleas of Philadelphia County. (Doc. No. 7.) Plaintiff claims that Defendant had notice of this case, not on March 27, 2018, but on January 23, 2018, when service of process was made on its authorized agent, a person named Elizabeth Roberts ("Roberts"). For this reason, Plaintiff submits that removal was untimely. Defendant opposes Plaintiff's Motion to Remand (Doc. No. 8.), and on May 10, 2018, a hearing was held on the Motion. At the hearing, the Court noted that it would afford the parties the opportunity to engage in fact discovery on the issue of sufficiency of the service of process, which they did. (Doc. No. 11.) On July 30, 2018, Plaintiff filed a Supplemental Brief in Support of its Motion to Remand. (Doc. No. 16.) On August 13, 2018, Defendant filed a

---

[2] 28 U.S.C. § 1441(a) provides, in relevant part: "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

[3] 28 U.S.C. § 1446(b) provides, in relevant part: "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ."

Supplemental Brief in Support of its Opposition to Plaintiff's Motion to Remand. (Doc. No. 25.) The Motion to Remand is now ripe for a decision. For reasons that follow, Plaintiff's Motion to Remand will be granted.

## II. FACTUAL BACKGROUND

On March 30, 2016, Plaintiff was assisting in the use of an overhead crane to move an excavation ripper with a KWS F 33210 clevis cradle style grab hook,[4] which he alleges was designed, manufactured, distributed, supplied, and/or sold by Defendant. (Doc. 1-1 ¶ 8.) The equipment unexpectedly unhooked from the chain hook of the machine, causing it to fall on Plaintiff. (Id. ¶ 10.) As a result, Plaintiff sustained serious and permanent injuries, including but not limited to a crush injury to his right foot, which resulted in a below-the-knee amputation, physical pain and suffering, mental and emotional anguish, loss of life's pleasures and enjoyment, loss of earnings and/or loss or diminishment of future earning capacity, past and future medical expenses, disfigurement and scarring, embarrassment and humiliation, and other physical, emotional and economic injuries. (Id. ¶ 13.) Plaintiff alleges that the incident was caused by a defective and unreasonably dangerous condition involving the chain hook. (Id. ¶ 12.)

In the Complaint, Plaintiff alleges claims of strict liability in Count I, negligence in Count II, and breach of express and/or implied warranties of merchantability and fitness for particular purpose in Count III, all stemming from the design, manufacture, distribution, supply, assembly, installment, sale, service, repair and/or maintenance of the chain hook, which Plaintiff asserts contained defective and unreasonably dangerous conditions. (Doc. 1-1 at 10-18.)

---

[4]     This is a type of hook that usually is attached to a machine that handles heavy loads.

On January 23, 2018, Plaintiff served the Complaint through certified mail at Defendant's principal place of business in Tulsa, Oklahoma. (Doc. No. 7, Ex. B.)[5] The envelope was addressed to "KWS, Inc., a member of the Thiele Group." (Id.) Defendant KWS has one office in the United States, which is located in Tulsa, Oklahoma. (Doc No. 16, Ex. G at 20:3-5.) Elizabeth Roberts accepted service of the Complaint by signing for it on behalf of Defendant. (Id., Ex. B, G at 30: 8-19.) On the return receipt, Ms. Roberts did not check either box to the right of the signature line, which designated "Agent" in one box and "Addressee" in the other. (Id., Ex. B.)

Roberts is KWS's Vice President of Operations and the only employee who regularly works in the Oklahoma office. (Id., Ex. G at 10: 21.) All other company employees are located in KWS's Germany offices. (Id. at 26:1-3.) Among other things, Roberts is responsible for receiving the mail on behalf of KWS at its Oklahoma location. (Id. at 19:25; Id. at 26:1-2.) This includes signing receipts for certified mail. (Id. at 24:4-8.) According to documents filed with the Office of the Secretary of State of Oklahoma, Roberts is also authorized to receive service of process on behalf of Defendant KWS.[6] Neither Roberts nor anyone else at KWS took any action to respond timely to the Complaint after receiving it.

---

[5] On the return receipt, signed by Elizabeth Roberts, is handwritten by her, the date "1/23/18."

[6] In its Supplemental Brief, Plaintiff has submitted the following documents, retrieved from the Office of the Secretary of State of Oklahoma, to prove that Roberts is KWS's authorized agent: (1) a three-page certificate issued by the Office of the Secretary of State of Oklahoma, and signed by the Secretary of State, which states that Elizabeth Roberts "is the registered agent for service of process for [KWS, Inc.]" (Doc. No. 16, Ex. B.); (2) a certificate of Successor Registered Agent, which appointed Elizabeth Roberts as the successor registered agent on September 8, 2009 (Id., Ex. C); (3) a document entitled "Resignation of Registered Agent Couple with Appointment of Successor" showing the appointment of Elizabeth Roberts to succeed another person as registered agent. (Id., Ex. D-3.) These three documents were submitted as part of an affidavit from Plaintiff's counsel stating that he requested the aforementioned forms from the Oklahoma Office of the Secretary of State and was directed to download them from their website. (Id., Ex. D.) Attached to this Opinion are copies of the

Thereafter, on March 13, 2018, Plaintiff served Defendant with a 10-day notice of intention to enter default judgment, pursuant to Pennsylvania Rule of Civil Procedure 237.1, urging Defendant to file an answer within ten days to avoid the entry of the default judgment. (Doc. No. 7, Ex. E.) Roberts also received and signed for this notice. (Id.) Again no response was forthcoming, so on March 26, 2018, Plaintiff filed a Praecipe to Enter Default Judgment, alleging that Defendant failed to respond to the Complaint within 20 days, as required. (Id., Doc. 1-1, Ex. B at 21-22.) A default judgment was then entered in favor of Plaintiff and against Defendant in the Court of Common Pleas of Philadelphia County. (Doc. No. 7, Ex. D.)

The next day, on March 27, 2018, Plaintiff's counsel, Mr. Dan Hessel, Esquire sent an email to KWS, Inc.'s company email address, listed on its website (sales@kwschain.com), notifying them that the company is in default for failure to respond to the Complaint. (Id., Ex. E.) Roberts read the email, and KWS then secured counsel in this case. (Id.) On March 28, 2018, Defendant's counsel responded to Plaintiff's email, stating that they have been retained to represent KWS in the matter and that they would respond to the Complaint that day. (Id., Ex. G.) On March 29, 2018, however, Defendant removed the action to this Court. (Doc. No. 1.)

### III. STANDARD OF REVIEW

A district court has original jurisdiction over a civil action between citizens of different states where "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a)(1). Removal predicated on diversity of citizenship jurisdiction requires that the amount in controversy is satisfied and that there is "complete diversity between the parties, that is, every

---

documents numbered 1 to 3, as well as the affidavit of Plaintiff's counsel, designated as Document 4.

5

plaintiff must be of diverse state citizenship from every defendant." In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006) (citation omitted).

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441 (a). This statute must be construed against removal. Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004); see also Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d. Cir. 1990) (holding that the removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand").

Under 28 U.S.C. § 1446(b), the petition for removal of a civil action from state court to federal court "shall be filed within thirty days after the receipt by the defendant, through service or otherwise." 28 U.S.C. § 1446(b). This thirty-day period is mandatory and cannot be extended by the Court. Typh, Inc. v. Typhoon Fence of Pennsylvania, Inc., 461 F. Supp. 994, 996 (E.D. Pa. 1978). A party seeking removal carries the burden of proving that removal is proper. Samuel-Bassett, 357 at 396 (3d Cir. 2004). As such, "a party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists." Boyer, 913 F.2d at 111 (3d Cir. 1990).

**IV.  ANALYSIS**

Plaintiff moves to remand this case to the Court of Common Pleas of Philadelphia County, arguing that (1) KWS's removal was untimely; (2) service of the Complaint on KWS was proper under Pennsylvania law; and (3) KWS waived any argument that service was improper by not asserting the affirmative defense in a responsive pleading. (Doc. No. 16 at 7-22.) In response, Defendant argues that (1) Plaintiff has not met his burden of proving service was effective; (2) KWS did not waive service prior to removal; and (3) the removal deadline was not triggered until March 27, 2018, when Roberts read the email with the notice that Defendant was in default for

failure to respond to the Complaint. (Doc. No. 25 at 5-13.) The Court will address each argument in turn.

**A. KWS Was Properly Served With the Complaint.**

Under Pennsylvania Rule of Civil Procedure 404(2), service outside the Commonwealth of Pennsylvania may be made by mail in the manner provided by Rule 403. Rule 403 provides, in relevant part: "[i]f a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent. Service is complete upon delivery of mail." Pa. R. Civ. P. 403.

Thus, Pennsylvania law only requires "delivery of any form of mail" and a "receipt signed by the defendant or his authorized agent." Pa. R. Civ. P. 403 (emphasis added). In order for service of process upon an authorized agent to be effective, the party asserting the validity of process needs to demonstrate that the agent had either implied or express authority to accept process. United States ex rel. Thomas v. Siemens AG, 708 F. Supp. 2d 505, 519 (E.D. Pa. 2010). Implied authority depends upon the relationship between the person receiving process and the party to the litigation. Grand Entm't Group v. Star Media Sales, 988 F.2d 476, 478 (3d Cir. 1993). There must be a sufficient connection between the person served and the defendant to demonstrate that service was reasonably calculated to give the defendant notice against it. Cintas Corp. v. Lee's Cleaning Servs., 549 Pa. 84, 96 (1997).

Here, Plaintiff has shown that on January 23, 2018, Ms. Roberts, the registered agent [7] who was authorized to accept service of process on behalf of KWS (Doc. No. 16, Exs. B, C, H)

---

[7] A registered agent is a person authorized to accept service of process for another person, especially a foreign corporation, in a particular jurisdiction. Registered Agent, BLACK'S LAW

7

signed and returned the receipt. (Doc. No. 7, Ex. B.) According to the documents filed by KWS with the seal of the Secretary of State of Oklahoma, she is the authorized agent to accept service of process and was appointed on September 8, 2009. The documents from the Secretary of State also show that she was the registered agent for service of process at least until May 31, 2018, and that no one else has been designated as the registered agent for KWS. Moreover, she signed the return receipt on January 23, 2018, accepting service of the Complaint, and the fact that she did not check either box as "addressee" or "agent" is irrelevant, given her status as the registered agent to accept service of process. [8]

On its face, the return receipt expressly shows that service was complete. Despite this clear showing, Defendants argue that the Certificate obtained from the Office of the Secretary of State of Oklahoma (Doc. No. 16, Ex. B), which certifies that Elizabeth Roberts is "the registered agent for service of process . . ." is dated May 28, 2018, five months after attempted service on KWS, and therefore does not establish that Roberts was the registered agent on January 23, 2018.

---

DICTIONARY (10th ed. 2014). Even though KWS was incorporated in Oklahoma and is not a foreign corporation in that state, the definition of a registered agent is still pertinent.

[8] In her deposition, Roberts testified that even though her signature was on the successor form, and she considered herself to be the registered agent, she did not consider herself to be the registered agent for service of process. (Doc. No. 16, Ex. G at 31: 22-25; Id. at 32: 1-10; Id. at 42: 9-10; Id. at 47: 18-24; Id. at 48:1-6; Id. at 60: 1-25; Id. at 64: 1-4.) This testimony contradicts the express authority given to her to accept service in the filings with the Secretary of State of Oklahoma, and does not change her legal status to accept service as set forth in the documents. Under Oklahoma law, every domestic corporation is required to designate a registered agent to remain in the state to be generally present at the corporation's office to accept service of process and otherwise perform the functions of registered agent. 18 Okl. St. Ann. § 1022. KWS was incorporated in the state of Oklahoma (Doc. No. 16, Ex. D-4), and Roberts was so designated. As the designated individual to serve as registered agent on behalf of KWS, she was the person to be served with the Complaint. Accord Build Servs. v. V., No. CJ-2012-6543, 2012 Okla. Dist. LEXIS 3570 (Dist. Ct. Okla. November 21, 2012) (service on the company's registered service agent was deemed good and effective service).

The record does not support this argument. Plaintiff's counsel has submitted an affidavit confirming that the Office of the Secretary of State of Oklahoma issued the documents he relies on. (Id., Ex. D.) Further, the documents themselves are signed and sealed. (Id., Exs. B, C, D-3, D-4, D-5, D-6, D-7.) They show that from September 8, 2009 to May 31, 2018, Roberts was the registered agent of KWS to accept service of process. This time period covers January 23, 2018, the date that service of the Complaint was made on Roberts. Defendant offers no evidence that another registered agent for service of process existed at the time the Complaint was served.

Defendant's further argument that service was improper because the mailing was not addressed to Ms. Roberts is also unpersuasive. Roberts admitted in her deposition that she was employed at KWS since it was founded in 1996. (Id., Ex. G at 8:14-17.) In 2009, she was promoted from her position as Director of Sales to the Vice President of Operations at KWS. (Id. at 10: 16-25.) Since 2016, she has been the only employee of KWS that regularly reported to the company's Oklahoma office. (Id. at 16:4-9.) She is responsible for all mail to the office. (Id. at 20: 18-21.) All higher-ranking officers of the company are based in Germany. (Id. at 25: 19-25; Id. at 26: 1-3.) She has met the sole shareholder many times. (Id. at 28: 10-17.) She has access to KWS bank accounts and the authority to write checks and pay bills on behalf of KWS. (Id. at 24: 17-25.) In addition to the express authority given to her in the documents filed with the Secretary of State of Oklahoma, which show that she was the registered agent for service of process, her background with KWS establishes a sufficient connection between Roberts and KWS to confirm her implied authority to accept service of process on behalf of KWS. Borah v. Monumental Life Ins. Co., No. 04-3617, 2005 WL 83261, at *3 (E.D. Pa. Jan. 14, 2005) (finding that service was proper under Pennsylvania law when it was addressed to the President and CEO of defendant company, signed for by a mail clerk and then delivered to the addressee's secretary); Thomas v.

Stone Container Corp., No. 89-1537, 1989 WL 69499, at *3 (E.D. Pa. June 21, 1989) (finding service proper where a secretary to a vice president of the defendant company received a complaint that was addressed to Defendant's office and served through certified mail). [9]

**B. KWS Failed to File the Notice of Removal in a Timely Manner.**

Given that Roberts was an authorized agent to accept service of process, Defendant's time for removal began on January 23, 2018, when it was served with the Complaint. Defendant argues that the time for removal began to run on March 27, 2018, the date on which it first received notice of this lawsuit through an email from Plaintiff's counsel attaching the Praecipe to Enter Default Judgment. But as discussed above, on January 23, 2018 KWS was properly served with the Complaint, and the thirty-day time period for removal began to run on this day.

The statute governing removal is 28 U.S.C. § 1446(b), which provides that a petition for removal must be filed by the defendant within thirty days after its receipt "through service or otherwise" of a copy of the initial pleading. International Equity Corp. v. Pepper & Tanner, Inc., 323 F. Supp. 1107, 1109 (E.D. Pa. 1971). In other words, defendant's time to remove starts with "receipt of a copy of the Complaint, however informally . . . ." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 356 (1999). This has been interpreted to mean that time for removal

---

[9] Defendant also argues that Plaintiff's decision not to use the option of restricted delivery offered by the United States Postal Service contributes to its claim that service was improper. (Doc. No. 25 at 10.) The official note following Pa. R. Civ. P. 403 explains restricted delivery. It notes: "[t]he United States Postal Service provides for restricted delivery of mail, which can only be delivered to the addressee or his authorized agent." Pa. R. Civ. P. 403. There is no requirement, however, that restricted delivery be used. The official note only puts one on notice that this form of service exists, but it is evident that its use is optional. Pennsylvania law only requires that Plaintiff serve an authorized agent of Defendant through the mail and provide a return receipt, which was done here. Accordingly, the Court finds that Plaintiff's service of the Complaint on January 23, 2018 was proper under Pennsylvania law.

commences to run when an agent of a corporation receives the Complaint. <u>Maglio v. F.W. Woolworth Co.</u>, 542 F. Supp. 39, 41 (E.D. Pa. 1982).

Therefore, since the Court agrees that service of the Complaint was made on January 23, 2018, the Notice of Removal, filed on March 29, 2018 was untimely because it was filed sixty-five days after Ms. Roberts received the Complaint on behalf of KWS.

Accordingly, for this reason, Plaintiff's Motion to Remand (Doc. No. 7) will be granted.

**C. KWS Waived its Right to Challenge Service.**

Plaintiff argues that KWS waived its right to challenge service because it failed to raise the issue of improper service in a responsive pleading under Federal Rule of Civil Procedure 12(b). (Doc. No. 16 at 7-9.) Fed. R. Civ. P. 12(b) provides that "[e]very defense to a claim for a relief in any pleading must be asserted in the responsive pleading if one is required. . ." Fed R. Civ. P 12(b). Insufficient service of process is a defense that may be asserted by motion. <u>Id.</u>

In response, Defendant submits that it did not waive its right to assert the defense of insufficient service of process in state court because under Federal Rule of Civil Procedure 81(c)(2), they could assert it after removal. (Doc. No. 25 at 11-12.)

Specifically, Federal Rule of Civil Procedure 81(c)(2) provides:

> After removal, repleading is unnecessary unless the court orders it. A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods:
>
> (A) twenty days after receiving the initial pleading stating the claim for relief;
> (B) twenty days after service of the summons for an initial pleading on file at the time of service; or
> (C) seven days after the notice of removal is filed.

Since this case was removed from state court to federal court, Rule 81 applies. <u>Purcell v. State Farm Mut. Auto. Ins. Co.</u>, No. 11-7004, 2012 WL 425005 (E.D.Pa. Feb. 10, 2012) (holding

that Plaintiff mistakenly relied on Fed. R. Civ. P. 12(a) when asserting that Defendant's motion was untimely since it was filed more than 21 days after service of the Complaint because Fed. R. Civ. P. 81(c)(2) applies once a case is removed from state court to federal court, and Defendant timely filed its motion within seven days after removal). Accordingly, KWS was required to file its answer or present other defenses or objections to the Complaint within seven days after March 29, 2018, when its Notice of Removal was filed. (Doc. No. 1.) On that day, KWS filed a Notice of Removal, alleging that it was not properly served. (Id. at 5.) Seven days later, on April 5, 2018, KWS filed an Answer in this Court. (Doc. No. 3.) However, in its Answer, KWS did not set forth the affirmative defense of improper service of process. (Id.) It also did not file any responsive pleading to the Complaint alleging improper service. Federal Rule of Civil Procedure 81(c)(2) cannot be read to authorize the raising of a defense or other objection in a Notice of Removal. Aside from mentioning improper service in its Notice of Removal, KWS did not argue that it was improperly served until it opposed Plaintiff's Motion to Remand on May 3, 2018. (Doc. No. 8.) Therefore, under Federal Rule of Civil Procedure 81(c)(2), KWS waived its right to challenge service of process because it did not raise the issue within seven days after removing the case to this Court. Plaintiff's Motion to Remand (Doc. No. 7) will be granted for this additional reason.

**D. The Court Will Not Award Plaintiff Fees and Costs Associated With The Remand To State Court.**

In this case, the Court will not award fees and costs to Plaintiff associated with the remand to state court. 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

In Martin v. Franklin Capital Corp., the United States Supreme Court held that absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing

party lacked an objectively reasonable basis for seeking removal. 546 U.S. 132, 141 (2005). An award of fees under § 1447(c) is left to the discretion of the district court. Id. at 140.

In this case, there was an objectively reasonable basis for seeking removal even though it was untimely and a remand is warranted. First, there was diversity of citizenship between the parties in this case. Second, though its contentions were unpersuasive, Defendant asserted that it received notice of this case for the first time on March 27, 2018, when Plaintiff's counsel sent an email to KWS notifying them that the company was in default for failure to respond to the Complaint. There is no reason to believe that Defendant's position is not asserted in good faith. Therefore, the Court will not award Plaintiff attorney's fees and costs associated with removal.

## V. CONCLUSION

For all the foregoing reasons, Plaintiff's Motion to Remand (Doc. No. 7) will be granted. Plaintiff's request for attorney's fees and costs associated with the removal will be denied. An appropriate Order follows.